UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Carlos Garcia,

                Plaintiff,

v.

                                                                  9:21-CV-0814
                                                                 (GTS/ML)

T.McCarthy, *Superintendent; Auburn Correctional Facility;*
Carson, *Correction Officer; Auburn Correctional Facility;*
And Frederick, *Correction Officer; Auburn Correctional Facility,*
                Defendants.
_____

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

Defendants, T.McCarthy, *Superintendent; Auburn Correctional Facility;* Carson, *Correction Officer; Auburn Correctional Facility; a*nd Frederick, *Correction Officer; Auburn Correctional Facility,* ("Defendants") are jointly represented in this case by the same counsel. In addition to counsel's ethical obligation to inform each client of the potential adverse consequences of joint representation, this Court has a continuing obligation to supervise the bar and assure litigants a fair trial. See *Dunton v. County of Suffolk, State of N.Y.*, 729 F.2d 903, 908-09 (2d Cir. 1984).

    **ACCORDINGLY**, it is

    **ORDERED** that counsel for Defendants shall send a letter to or have a detailed conversation with each of their individual clients in this action (a) outlining the circumstances under which an actual or potential conflict of interest may arise, including but not limited to those implicated by Canons 5 and 9 of The Lawyer's Code of Professional Responsibility, as adopted by the Northern District of New York (N.D.N.Y. L.R. 83.3(d)), and (b) advising whether counsel plans to take a position adverse to that client's interests at trial; and it is further

**ORDERED** that after being informed of the potential or actual conflict, (a) if any client wishes to retain separate counsel, they will be given leave to promptly and expeditiously do so, in which case new counsel shall submit a Notice of Appearance to this Court, or (b) alternatively, in the event that any individual client wishes to proceed while being represented by current defense counsel, I will require additional assurance that the client has made an informed decision to do so, notwithstanding the potential for conflict, which must be in the form of a sworn affidavit from the client submitted EX PARTE on or before **April 29, 2022**, (i) acknowledging that he or she has been given written or detailed oral notice by counsel of the potential for conflict, (ii) acknowledging that he or she understands the potential conflict and its ramifications, and (iii) stating that he or she has knowingly and voluntarily chosen to proceed with joint representation[1]; and it is further

**ORDERED** that a client/party who consents to joint representation will not be deemed to have waived his or her right to retain separate counsel.[2]

Dated: March 23, 2022
Binghamton, New York

_/s/ Miroslav Lovric_
MIROSLAV LOVRIC
U.S. MAGISTRATE JUDGE
N.D.N.Y.

---

[1] The affidavits shall also include a cover letter from counsel summarizing the position of the attached affidavit(s).

[2] However, no extension of deadlines established in the Uniform Pretrial Scheduling Order or of the trial date will be granted because of any substitution of counsel, unless a party establishes that the substitution resulted from a conflict of interest which could not reasonably have been foreseen when that party filed his or her affidavit agreeing to joint representation and that the party promptly proceeded to obtain separate counsel upon learning of the conflict of interest.