UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS GARCIA,

                Plaintiff,

                                                      9:21-CV-0814
v.                                                         (GTS/ML)

ANDERSON, Corr. Ofcr., Auburn Corr. Fac.;
CARSON, Corr. Ofcr., Auburn Corr. Fac.;
FREDERICK, Corr. Ofcr., Auburn Corr. Fac; and
JOHN DOE #2, Corr. Ofcr., Auburn Corr. Fac.;

                Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

CARLOS GARCIA, 89-T-1556
   Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

CAPEZZA HILL LLP                          THOMAS A. CAPEZZA , ESQ.
   Counsel for Defendants                    ABBY McCORMICK-FOLEY, ESQ.
30 South Pearl Street, Suite P-110
Albany, New York 12207

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Carlos Garcia ("Plaintiff") against Defendants Anderson, Carson, John Doe #2, and Frederick, employees of the New York State Department of Corrections and Community Supervision (DOCCS) (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, are the following: (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that

Plaintiff's request pursuant to Fed. R. Civ. P. 56(d) be denied, and that Defendants' motion for summary judgment be granted in part and denied in part; (2) Defendants' Objection to the Report-Recommendation; and (3) Plaintiff's response to Defendants' Objection.  (Dkt. Nos. 110, 111, 113.)  For the reasons set forth below, Magistrate Judge Lovric's Report-Recommendation is accepted and adopted in its entirety.

As an initial matter, the Court finds that Defendants' Objection does not assert a new argument but merely repeats an argument asserted in their underlying motion.  (*Compare* Dkt. No. 111, at 4-9 attaching pages "1" through "6" of Defs.' Objection, asserting argument regarding *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005), and *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460 (S.D.N.Y. 1998)] *with* Dkt. No. 87, Attach. 7, at 8, 12 [attaching pages "5" and "9" of Defs.' Memo. of Law, introducing, then asserting an argument under, *Jeffreys* and *Aziz*].)  Furthermore, the Court observes that, "[w]here . . . an objecting party . . . simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).

Here, the Court finds that Magistrate Judge Lorvic's thorough Report-Recommendation contains no clear error: while acknowledging the argument in question, Magistrate Judge Lovric correctly rejected it without deeming it worthy of explicit analysis.  (*Compare* Dkt. No. 110, at 14 [Report-Recommendation, summarizing Defs.' argument that Plaintiffs' self-contradictory and uncorroborated testimony that he breathed fumes from the dry chemical powder must be disregarded under *Jeffreys* and *Aziz*] *with* Dkt. No. 110, at 19-20 [Report-Recommendation,

citing the admissible record evidence, *including a medical record*, from which a rational juror could find that Plaintiff breathed fumes from the dry chemical powder].)

In any event, even if the Court were to subject this portion of the Report-Recommendation to a *de novo* review, it would accept and adopt that portion of the Report-Recommendation. In their Objection, as in their underlying motion, Defendants essentially ask the Court to disregard as incredible the portion of Plaintiff's testimony in which he claims to have inhaled (at least to his detriment) the dry chemical from a fire extinguisher, which they claim fell straight to the floor (escaping inhalation). (Dkt. No. 111, at 4 [attaching page "1" of Defs.' Objection, requesting that the Court disregard Plaintiff's testimony in support of his claim related to Defendants' use of the dry chemical fire extinguisher]; Dkt. No. 87, Attach. 7, at 12 [attaching page "9" of Defs.' Memo. of Law, arguing, "No evidence in the record corroborates Plaintiff's speculative assertion that he was suffering from ongoing effects from exposure to the contents of the fire extinguisher"]; Dkt. No. 102, at 9 [attaching page "6" of Defs.' Reply Memo. of Law, arguing, "The discharge of the dry chemical extinguisher was not force at all, as it was sprayed through a vent onto the floor of plaintiff's cell, not onto him"].)

Generally, of course, a district court may not make credibility determinations on a motion for summary judgment. However, that general rule contains a narrow exception: where the plaintiff relies so much on his own testimony (because it is so uncorroborated by other record evidence), and that testimony is so internally contradictory and/or incomplete, that it would be impossible for the court to determine whether or not there exists a genuine dispute of material fact without making a credibility determination. *See Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) (setting forth applicable standard for when to disregard testimony on

motion for summary judgment). In such a circumstance, the district court *must* make a credibility determination, because finding the *absence* of a genuine dispute of material fact would require the court to reject the conflicting portion of the plaintiff's testimony as not credible; and finding the *existence* of a genuine dispute of material fact based on a portion of the plaintiff's testimony would similarly require the court to reject the conflicting portion of the plaintiff's testimony as not credible.

Here, however, Defendants have not made the necessary showing to invoke the narrow *Jeffreys* exception that they request. In their Objection, Defendants point to internal inconsistencies in Plaintiff's testimony regarding such issues as (1) whether Plaintiff reported his injuries to corrections officers, (2) whether he was forced to remain in his cell following the incident, (3) whether he was able to identify the officers involved in the incident, (4) whether other incarcerated individuals were able to handle the white powder without ill effects, and (5) the nature of the fire he started in his cell after the incident to draw attention to himself. (Dkt. No. 111, at 5-9.) Yet, even if these internal inconsistencies were accompanied by a lack of corroborating record evidence, the Court does not understand those particular inconsistencies to permit the Court (under *Jeffreys*) to disregard Plaintiff's consistent testimony on the *different* subject of whether, on July 25, 2018, a dry chemical from a fire extinguisher was indeed "discharged" or "sprayed" into Plaintiff's cell, and whether he inhaled that dry chemical. Indeed, the fact that a dry chemical was discharged, like the fact that Plaintiff both reported and testified that he inhaled it, remains undisputed. (*See, e.g.,* Dkt. No. 110, at Part I.B., Undisputed Fact Numbers 5, 6, 9, 10, 11, 20, 23.) Moreover, at least some admissible record evidence exists corroborating Plaintiff's testimony that he inhaled the dry chemical. (Dkt. No. 101, Attach. 2, at

4

4 [Plaintiff's medical record indicating his eyes were "red & irritated" on August 7, 2018].)

If the Eighth Amendment claim in question were one of deliberate indifference to a serious medical need, the Court might reach a different conclusion. But it is not. Rather, it is a claim premised on the unnecessary and wanton infliction of pain. (Dkt. No. 110, at 18.) Furthermore, it is a claim whose objective component turns on whether Defendants violated contemporary standards of decency. (*Id*.) Under the circumstances, Defendants would be well advised to keep in mind the point of law that, when a corrections officer maliciously and sadistically uses force to cause harm to a prisoner, the result is cruel and unusual punishment under the Eighth Amendment, regardless of whether the prisoner suffers significant injury.[1]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 110) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's request pursuant to Fed. R. Civ. P. 56(d) (Dkt. No. 95) is **DENIED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant John Doe #2 are *sua sponte* **DISMISSED without prejudice**, based on Plaintiff's failure to identify and serve that Defendant; and it is further.

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 87) is

---

[1] *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (finding "minor" or non-"serious" injuries sufficient); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (finding "[in]significant" injury sufficient); *Cole v. Fischer*, 379 F. App'x 40, 42 (2d Cir. 2010) (finding no physical injury required) (Summary Order); *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999) (finding "[in]significant" injury sufficient); 3B O'Malley, Grenig & Lee, Fed. Jury Prac. & Instr. § 166.23 (6th ed. 2013).

5

**GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's excessive force and failure-to-intervene claims against Defendants Anderson, Carson, and Frederick related to their alleged use of the water fire extinguisher are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's excessive force and failure-to-intervene claims against Defendants Anderson, Carson, and Frederick related to their alleged use of the dry chemical fire extinguisher **SURVIVE** Defendants' motion and remain **PENDING** for trial.

The parties are respectfully advised that, in the near future, the undersigned shall be appointing pro bono trial counsel for Plaintiff, and that the undersigned's Courtroom Deputy will be contacting counsel in order to schedule a pre-trial conference, which counsel shall appear at with settlement authority (and which shall be followed by an exhaustion hearing if applicable).

Dated: February 6, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge